## HARRINGTON v. FINNEY.

CONTRACT—RESCISSION OF.—Where *A* sells and conveys land to *B,* and the deed, before it is duly recorded, is lost, and *A* then sells and conveys the same land to *C,* who has full notice of the former sale and conveyance to *B,* the title in *B* is no way impaired, and the conveyance to *C,* under the circumstances, is a nullity, and gives no right to *B* to rescind or recover back the purchase money paid to *A.*

APPEAL from the *Wayne* Circuit Court.

Harrington *v.* Finney.

DAVISON, J.—The appellees were the plaintiffs, and the appellant the defendant. The facts alleged in the complaint are. as follows:

In *August*, 1861, the defendant for a valuable consideration, viz: 1,200 dollars, conveyed to the plaintiffs, by a general warranty deed, a tract of land (describing it) in *Green* county, and State of *Iowa*. The deed was properly acknowledged and delivered. In *October* next ensuing the execution of the deed the plaintiffs enclosed it in an envelop, directed to the recorder of said county for the purpose of having the same properly recorded, and placed the same in the post office at. *Cambridge City, Wayne* county, *Indiana*. It is averred that the plaintiffs paid a valuable consideration for the lands. The deed never was received by the recorder; never was recorded, and the same was and is lost, of which they, the plaintiffs, duly notified the defendant, and that he also ascertained the. facts that the deed was not recorded by corresponding with said recorder; that the defendant, having knowledge that the deed was lost and not recorded, did, in *June*, 1861, with intent to cheat, defraud and injure the plaintiffs, sell and by deed in fee convey the same land to his brother, one *Timothy Harrington*, a resident of *Ohio*, which last mentioned deed has been duly forwarded to the proper recorder, and duly recorded in said county of *Green*; that, by reason of the premises, the plaintiffs' title is rendered worthless and of no value, and that they have lost the aforesaid real estate which was and is of the value of 1200 dollars. Damages are laid at 1200 dollars.

Defendant demurred to the complaint; but the demurrer was overruled. And thereupon he answered—1. By a denial. 2. By a set-off. Verdict in favor of the plaintiffs for 630 dollars; new trial refused, and judgment, &c.

The causes assigned for a new trial are to the effect that the verdict is not sustained by the evidence.

During the progress of the trial the defendant was exam-

ined as a witness. He testified thus: "The plaintiffs are indebted to me 205 dollars, a security debt, which I was liable for and have paid. I sold the land to *Timothy Harrington*, but I did not intend to defraud any one. I only wanted to get my own. My object was to save the money which I paid as their surety. When I sold the land to *Timothy Harrington* I notified him that I had before conveyed it to the plaintiffs. I told him I had paid the security debt for them and could not get it. I got from my brother, the said *Timothy* 200 dollars, for the land, in part payment of a debt I owed him. I told him that the land I was selling him was the same land I had sold the plaintiffs, and I sold it to him as the same land." This was, in substance, all the evidence upon the point of the subsequent purchaser having notice of the prior conveyance to the plaintiffs. We think it conclusively proves such notice, and that being the case, the deed to the second vendee was a nullity; the title to the land remained in the plaintiffs, and was in them when this action was commenced. The mere facts, that the plaintiffs' deed has been lost, and is not recorded, do not, in any degree, affect the validity of the title, and the result is they are not entitled to recover the purchase money. The evidence, in our judgment, does not sustain the verdict, and hence a new trial should have been granted.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Develin & Johnson,* and *Peelle & Wilson,* for the appellant.

*N. H. Johnson* and *W. S. Ballinger,* for the appellee.